UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


George Martens, et al.,                                          Case No. 3:17-cv-1058

        Plaintiffs

   v.                                                              MEMORANDUM OPINION

City of Findlay, et al.,

        Defendants


## I.    INTRODUCTION

In compliance with my previous order, the parties moved for leave to file various motions and responses.[1] Specifically, Plaintiffs moved for leave to file motions: (1) to consolidate two cases pending in the Northern District of Ohio, Western Division (Doc. No. 32); and (2) for preliminary injunctive relief. (Doc. No. 33). Defendants filed a motion for leave to respond in the event leave was granted to Plaintiffs to file the motion to consolidate. (Doc. No. 34).

After these motions for leave were filed, I held a conference with the *pro se* Plaintiffs and counsel for Defendants. During the conference, I proposed consolidation of not only the two cases for which Plaintiffs sought consolidation, but also a third pending in the Northern District of Ohio, Western Division. All present informally agreed to consolidation, but I granted the parties leave to file a written response to my proposal.[2] (Doc. No. 35). Additionally, I also granted Defense

---

[1] Plaintiffs also filed two additional motions. (Doc. Nos. 29 & 30). Because these were filed in violation of my order, I strike each. The relief sought in these motions was properly requested in the subsequently-filed motion for leave to file a motion to consolidate. (Doc. No. 32).

[2] Because Defendants were granted leave to respond to the issue of consolidation, I hereby deny Defendants' pending motion as moot. (Doc. No. 34). The merits of Plaintiffs' motion for leave on this issue will be discussed below.

counsel's oral motion for leave to respond to Plaintiffs' motion for leave to file for injunctive relief. Defendants filed a response, (Doc. No. 37), and Plaintiffs moved to file a reply, in turn.[3] (Doc. No. 38).

To determine whether to grant Plaintiffs leave to file motions for consolidation of cases and preliminary injunctive relief, I will consider the merits of the motion which they seek to file. In other words, if the underlying motion would be denied, leave to file the motion will also be denied.

## II. CONSOLIDATION

Currently, Plaintiffs George and Thelma Martens have three cases pending in the Northern District of Ohio, Western Division. *See Martens v. City of Findlay*, No. 3:18-cv-1963 (Carr, J.); *Martens v. City of Findlay*, No. 3:18-cv-1826 (Zouhary, J.); and *Martens v. City of Findlay*, No. 3:17-cv-1058 (Helmick, J.). Although the Martens sought leave to move for consolidation of two of these cases, I proposed consolidation of all three.

Federal Rule of Civil Procedure 42(a)(2) grants me broad discretion to consolidate actions that "involve a common question of law or fact." *See also Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). "A common factual issue, such as two lawsuits pending in the same court and brought by the same plaintiff, is a sufficient basis for consolidation if combining the two cases will simplify the litigation process." 8 James Wm. Moore, *Moore's Federal Practice* § 42.10[1][c][iv] (3d. ed. 2018).

Here, all three cases name the City of Findlay, Todd Richard, Mayor Lydia Mihalik, Donald Rasmussen, and the Ohio Attorney General as Defendants. The causes of action asserted against the defendants in each case relate to the constitutionality and enforcement of Findlay Zoning Ordinances. Therefore, due to the common issues of law and fact, I hereby order the three actions

---

[3] Construing the *pro se* filing liberally, as I must, I ordered further briefing on an issue which was raised in the motion for preliminary injunction, but not fully briefed. (Doc. No. 39). Plaintiffs and Defendants complied. (Doc. Nos. 40 & 41).

2

be consolidated and deny Plaintiffs' motion for leave to consolidate only two of these actions as moot. (Doc. No. 33).

### III. PRELIMINARY INJUNCTION

The Martens own several properties in the City of Findlay which they "flip" to rent or sell. Due to the nature of the business, the Martens frequently require permits to perform construction work on the property. But they have been denied these permits under City of Findlay Zoning Ordinance 1165.11(E), which provides,

> Applications for any permit, review or other action as provided for in this Zoning Ordinance may be denied due to the applicant's lack of good standing with the City of Findlay. Good standing means there are no pending citations, violations, delinquencies, or matters pending before the municipal court against the applicant. All city services and agencies are within the scope of the Good Standing Clause, including but not limited to[,] Zoning, Engineering, Water & Utility Billing, Income Tax Department, Police Department, Neighborhood Enhancement & Abatement Team (NEAT), etc. The Zoning Administrator shall not refuse to issue a Permit when issues are not related to the public, such as disputes stemming from interpretations of covenants or private agreements between land owners.

The Martens do not contest the fact that they lack "good standing" due to criminal nuisance charges pending before the municipal court, incurred from the alleged failure to clean up certain properties where "unsightly debris and rubbish [were] being openly displayed," in violation of Findlay Zoning Ordinance 1163.01A in 2016. (Doc. No. 1-1 at 25-26, 28). Instead, they argue the City should be enjoined from enforcing this allegedly unconstitutional Ordinance.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To make such a showing, the plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20; *see also Bonnell v. Lorenzo*, 241 F.3d 800, 809 (6th Cir. 2001).

To satisfy the first factor of success on the merits, the Martens raise two constitutional challenges to the Ordinance. They argue the Ordinance is not only void for vagueness, but also in violation of due process guaranteed by the Fourteenth Amendment. I will address each in turn.

**A.    VAGUENESS**

"It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). As stated in *Grayned*,

> Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application.

408 U.S. at 108-09 (footnotes omitted).[4] But "[t]he degree of vagueness that the Constitution tolerates—as well as the relative importance of fair notice and fair enforcement—depends in part on the nature of the enactment." *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498 (1982). Accordingly, due to the nature of this ordinance,[5] the Martens "must demonstrate that the law is impermissibly vague in all of its applications." *Id.* at 497.

As acknowledged by the Martens, the Ordinance will be void for vagueness only if the terms are "so vague that men of common intelligence must… guess at its meaning and differ as to its application[.]" *Connally v. Gen. Constr. Co.*, 269 U.S. 385, 391 (1926). But contrary to the Martens' various suggested interpretations, the plain language of the Ordinance is clear. The Ordinance

---

[4] *Grayned* also discusses a third value offended, but this relates only to the First Amendment which is not at issue here.

[5] This is a civil law regulating property use. As a matter of principle, "[t]he Court has also expressed greater tolerance of enactments with civil rather than criminal penalties because the consequences of imprecision are qualitatively less severe." *Vill. of Hoffman Estates*, 455 U.S. at 498-99. Further, the Ordinance does not implicate conduct protected by the First Amendment, which is subjected to greater scrutiny. *Id.* at 497.

4

provides the specific criteria which must be met to maintain "good standing."[6] It also informs the applicant of the consequences that may result from the failure to maintain "good standing." Therefore, because the Ordinance unambiguously advises the applicant of the proscribed conduct, I conclude the Ordinance provides the necessary fair warning.

Regarding the second value of consistent application, the Martens argue the term "may" lends vagueness which could results in arbitrary enforcement. But this term alone does not establish the Ordinance as "impermissibly vague in all of its applications," as required here. *Village of Hoffman Estates*, 455 U.S. at 497. Further, zoning ordinances using the word "may" are not uncommon, and courts have routinely upheld the exercise of discretion that accompanies the term. *See, e.g., EJS Props., LLC v. City of Toledo*, 698 F.3d 845, 856 (6th Cir. 2012) ("The word 'may' establishes 'sufficient discretion to undercut any argument that the language of the zoning regulations vested in [EJS] an entitlement to the [re-zoning ordinance] once the [minimum requirements] were fulfilled.'") (quoting *Triomphe Investors v. City of Northwood*, 49 F.3d 198, 203 (6th Cir. 1995)).

Therefore, since the clearly written Ordinance violates neither the first nor second value threatened by vague laws, the Martens are unlikely to succeed to the claim of vagueness.

**B.  DUE PROCESS**

"Citizens have a substantive due process right 'not to be subjected to arbitrary or irrational zoning decisions.'" *Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564, 573 (6th Cir. 2008) (quoting *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1217 (6th Cir. 1992)). But to establish a Fourteenth Amendment due process claim, the Martens must show they have been deprived of a constitutionally protected "life, liberty, or property" interest. *See Braun*, 519 F.3d at 573 (substantive

---

[6] Briefly, the Martens also allege the Ordinance is vague in that it lacks a "waiver" to the "good standing" "condition." This argument is not well taken. The way applicants "shed their condition," (Doc. No. 41 at 10), is plainly to regain "good standing" by resolving all "pending citations, violations, delinquencies, or matters pending before the municipal court against the applicant." If the applicant is prevented from doing so by an external force, that is another matter. But the Ordinance need not contain a waiver to enforcement.

5

due process); *Richardson v. Twp. of Brady*, 218 F.3d 508, 516-17 (6th Cir. 2000) (procedural due process).

Property interests such as those at issue here are created not by the Constitution, but instead "by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). "An abstract need or unilateral expectation does not suffice to create a property interest; rather, a person must 'have a legitimate claim of entitlement.'" *Richardson*, 218 F.3d at 517 (quoting *Roth*, 408 U.S. at 577). It follows that "[a] party cannot possess a property interest in the receipt of a benefit when the state's decision to award or withhold the benefit is wholly discretionary." *EJS Props., LLC*, 698 F.3d at 856 (quoting *Med Corp., Inc. v. City of Lima*, 296 F.3d 404, 409 (6th Cir. 2000)).

The Martens allege a property interest in the permit requested.[7] But the Ordinance at issue clearly gives the zoning board discretion to deny a permit under the "good standing" clause, as stated by the Martens. As such, the permit is a discretionary benefit, not an entitlement. Even setting aside the Ordinance as grounds to deny the permit, the Martens fail to establish that but for this Ordinance, the zoning board would be required to issue the requested permit. Because the Martens are unable to show anything more than an "abstract need or unilateral expectation" in the permit, there is no property interest at stake here which would give rise to a due process claim. *See, e.g., Wedgewood P'ship I. v. Twp. of Liberty, Ohio*, 456 F. Supp. 2d 904, 932-33 (S.D. Ohio 2006).

Even assuming arguendo that the Martens did have a protected property interest in the permit, the claim would likely fail. A federal court may declare a zoning ordinance unconstitutional only if it is "clearly arbitrary and unreasonable, having no substantial relation to the public health,

---

[7] There is no "property right in government procedures themselves." *Janosek v. City of Cleveland*, 718 F.3d 578, 582 (6th Cir. 2013) (citing *Richardson*, 218 F.3d at 517-18). Therefore, the appeal to which the Martens claim entitlement is not in itself a property right. Instead, this would factor into a procedural due process analysis only after an underlying property interest is established.

safety, morals, or general welfare." *Vill. of Euclid, Ohio v. Amber Realty Co.*, 272 U.S. 365, 395 (1926); *see also Pearson*, 961 F.2d at 1223 ("Whatever the state standard for review of its zoning legislation by its own courts may be, federal court review of a zoning ordinance may only determine whether it is clearly arbitrary and unreasonable, in the very restricted sense that it has no substantial relation to the public health, safety, morals or general welfare.") (internal quotations omitted).

The interest served here, as stated by Defendants, is "protect[ing] and preserv[ing] the character, social, and economic stability of residential, commercial, … industrial, and other use areas" by issuing permits only to those in "good standing." (Doc. No. 40 at 4). The Ordinance accomplishes this purpose by ensuring permits are not issued to those who have failed to remain in compliance with the municipalities laws, as evident here. The Martens were denied permits only after incurring criminal charges in municipal court for failing to clean up, among other things, "building materials" from existing properties, in violation of the local nuisance ordinance. (Doc. No. 1-1 at 25-26). The City's effort to prevent the same from occurring at other properties within the City is not arbitrary or unreasonable but bears sufficient relation to its given police powers.

Accordingly, both a substantive and procedural due process claim would likely fail here first because there is no protected property interest at stake and second because the Ordinance is not arbitrary or unreasonable.

**C.    DISPOSITIVE FACTOR**

In sum, the Martens have failed to show they are likely to prevail on either constitutional claim alleged in the motion for preliminary injunction. Because the failure to demonstrate this preliminary injunctive factor is dispositive, the remaining three factors need not be addressed. *See Bonnell*, 241 F.3d 800, 825 (citing *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985) ("Rule 52 requires a district court to make specific findings concerning each of these four factors, unless fewer are dispositive of the issue.")). It follows that, since preliminary injunctive relief is not warranted, the motion for leave to request such relief must be denied.

7

## IV.    CONCLUSION

For the foregoing reasons, the Martens' motions for leave to move for consolidation and injunctive relief are denied. (Doc. Nos. 32 & 33). The motions filed by the Martens in violation of my order are stricken. (Doc. Nos. 29 & 30). And Defendants' motion for leave to file response is denied. (Doc. No. 34).

Further, as discussed above, the following actions are consolidated: *Martens v. City of Findlay*, No. 3:18-cv-1963 (Carr, J.); *Martens v. City of Findlay*, No. 3:18-cv-1826 (Zouhary, J.); and *Martens v. City of Findlay*, No. 3:17-cv-1058 (Helmick, J.). Pursuant to Local Rule 3.1(b)(3), I hereby order, with the concurrence of Judges Carr and Zouhary, that the cases currently assigned to them be reassigned to me. All future filings on any of these three cases shall be filed under case number 3:17-cv-1058.

Finally, in light of my ruling on consolidation and preliminary injunctive relief, should the Martens wish to amend any of the three original complaints, they may do so by filing one, and only one, consolidated amended complaint within thirty (30) days from the issuance of this opinion. If they chose to file such an amended complaint, Plaintiffs shall clearly designate which claims apply to which Defendants in this action. Plaintiffs may not, without prior leave of this Court, add any additional defendants to those already parties in these three original actions. During this window of opportunity for Plaintiffs to amend, Defendants shall not challenge any of the existing complaints in any of three original actions.

Should Plaintiffs file a consolidated, amended complaint, any Defendant in the consolidated, amended complaint is granted forty-five (45) days from the filing of the consolidated, amended complaint to answer or otherwise challenge the complaint. If any Defendants challenge the amended complaint other than by filing of an answer, Plaintiffs may file a memorandum in opposition within thirty (30) days of Defendants' challenge or challenges. Should any of the Defendants challenge the complaint, and Plaintiffs oppose, Defendants shall have fourteen (14) days to file any reply to Plaintiffs' opposition.

So Ordered.

                                                   s/ Jeffrey J. Helmick
                                                   United States District Judge