UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

George Martens, et al.,            Case No. 3:17-cv-1058

        Plaintiffs

    v.                                    MEMORANDUM OPINION

City of Findlay, et al.,

        Defendants

In the Consolidated Amended Complaint, Plaintiffs name as a Defendant the State of Ohio Attorney General. (Doc. No. 46-1 at 1). But because Plaintiffs do not assert any claims against the Attorney General, Defendant the Ohio Attorney General filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6). (Doc. No. 53). Plaintiffs George and Thelma Martens do not oppose this motion.

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." A complaint must state sufficient facts to, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

The Consolidated Amended Complaint mentions the Ohio Attorney General only in the context of Plaintiffs' claim for declaratory relief stating, "The State of Ohio has jurisdiction over a

declaratory relief claim under the Ohio Revised Code, section 2721.12 – and a copy of this complaint has been sent to the Attorney General, State of Ohio."¹ (Doc. No. 46-1 at 27-28).

Ohio Revised Code Section 2721.12(a) provides, "In any action or proceeding that involves the validity of a municipal ordinance or franchise, the municipal corporation shall be made a party and shall be heard, and, if any statute or the ordinance or franchise is alleged to be unconstitutional, the attorney general also shall be served with a copy of the complaint in the action or proceeding and shall be heard." But the statue "does not require … that the Attorney General be named as a party in such an action." *Ohioans for Fair Representation, Inc. v. Taft*, 616 N.E.2d 905, 907 (Ohio 1993); *see also Cicco v. Stockmaster*, 728 N.E.2d 1066, 1070 (Ohio 2000).

Because the Ohio Attorney General is not a necessary party to Plaintiffs' declaratory judgment claim and because Plaintiff apparently does not oppose its dismissal from this case, the motion to dismiss is granted and the Ohio Attorney General is dismissed as a party to this action.

So Ordered.

                                                s/ Jeffrey J. Helmick
                                                United States District Judge

---

[1] The Ohio Attorney General also moves to dismiss this action under Rule 12(b)(1), asserting the Eleventh Amendment bars "an action against the Attorney General for monetary damages." (Doc. No. 53 at 3). While this is true, Plaintiffs do not assert a claim for money damages against the Ohio Attorney General. Therefore, sovereign immunity does not apply here.