UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

George Martens, et al.,  Case No. 3:17-cv-1058

    Plaintiffs

    v.  MEMORANDUM OPINION

City of Findlay, et al.,

    Defendants

## I.    INTRODUCTION

Defendants Jim Bame and Jim Bame Landscaping & Fire, LLC (the "Bame Defendants")[1] filed a Rule 12(b)(6) motion to dismiss the claims asserted against them by Plaintiffs George and Thelma Martens. (Doc. No. 52). Plaintiffs opposed the motion, (Doc. No. 57), but the Bame Defendants did not file a reply.

## II.    BACKGROUND

Plaintiffs own a rental property located at 215 Monroe Avenue, Findlay, Ohio. As owners of the property, Plaintiffs were required "to cut, destroy or remove weeds, unhealthful growths, dead or diseased trees, or other noxious matter growing, lying or located on such owner's property within five days after receipt of the written notice" sent by certified mail by the City Service-Safety

---

[1] Plaintiffs allege Defendant "Jim Bame owns and/or runs [Defendant] Jim Bame Landscaping & Firewood L.L.C." (Doc. No. 46-1 at 217). Although Plaintiff identified Jim Bame as "Bame 1" and Jim Bame Landscaping & Firewood L.L.C. as "Bame 2," (*id.*), he refers to "Bame" generally throughout the Complaint. Because of the relationship between the Bame Defendants and my duty to liberally construe Plaintiffs' *pro se* complaint, I will treat the two as one when considering the allegations stated by Plaintiffs in the Consolidated Amended Complaint.

Director. Findlay, Ohio, Zoning Ordinance 521.07(c) (May 15, 2018) (*available at Martens v. City of Findlay*, Case No. 3:18-cv-1963, Doc. No. 1-1 at 1). If Plaintiffs failed to comply,

> The Service Director is authorized, empowered and directed to cut and destroy or cause to be cut or destroyed all noxious grass or weeds of six inches (6") or more growing in the corporate limits of the City, provided notice, as required by Ohio R.C. 731.51, has been served on any owner, lessee, agent or tenant having charge of lands on which noxious weeds are growing, and such owner, lessee, agent or tenant has failed to comply within five days after service of the notice by failing to cut and destroy noxious weeds in accordance with the notice. Prior to cutting and destroying the noxious weeds or causing them to be cut or destroyed, the Director shall determine by an actual inspection of such lands that the weeds growing thereon, are noxious weeds within the meaning of Ohio R.C. 907.01 and Ohio Administrative Code Chapter 901:5-31.

Findlay, Ohio, Zoning Ordinance 521.07(a) (*Id.* at 2).

Acting pursuant to Zoning Ordinance 521.07, Plaintiffs allege the City of Findlay directed the Bame Defendants mow Plaintiffs' 215 Monroe Avenue property at least twice. (Doc. No. 46-1 at 216-17). Plaintiffs allege the Bame Defendants did not just mow the "noxious grass and weeds," as proscribed by Ordinance 521.07(a), but "all vegetation in mass without identifying said vegetation." (Doc. No. 46-1 at 217-18). This, Plaintiffs add, was not only an act of trespass without lawful authority but a deprivation of his property rights in the "shrubs, grasses, [and] trees that were summarily mowed on the property by Bame." (*Id.* at 218).

### III.   STANDARD

Rule 12(b)(6) provides for the dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of*

2

*Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Twombly*, 550 U.S. at 555 (stating that the complaint must contain something more than "a formulaic recitation of the elements of a cause of action"). A complaint must state sufficient facts to, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

In conjunction with this standard, I am cognizant that Rule 8(a)(2) "requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 596) (internal quotation marks omitted); *see also Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-96 (6th Cir 2008). Additionally, in the case of a *pro se* litigant, courts will construe their pleadings liberally but "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 F.App'x 579, 580 (6th Cir. 2001)).

The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## IV. DISCUSSION

In the Consolidated Amended Complaint, Plaintiffs allege the Bame Defendants, at the direction of the "City Defendants" and acting "under the color of law," trespassed onto their property located at 215 Monroe Avenue, Findlay, Ohio at least twice and "cut down all vegetation in mass without identifying said vegetation." (Doc. No. 46-1 at 217-18, 235-36). Liberally construing these allegations, *Martin*, 391 F.3d at 714, Plaintiffs appear to pursue claims of: (1) common law trespass for entry onto Plaintiffs' property; (2) common law injury to real property for destruction of "shrubs, grasses, [and] trees," that were not "noxious grass or weeds," (Doc. No. 46-1 at 217-18); (3) unreasonable entry onto and destruction of private property in violation of the Fourth and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983; (4) destruction of "shrubs, grasses, [and] trees," (*id.* at 218), that were not "noxious grass or weeds" without "just compensation" in violation of the Fifth Amendment Takings Clause and the Fourteenth Amendment, pursuant to § 1983; and (5) violation of Plaintiffs' due process rights under the Fifth and Fourteenth Amendments, pursuant to § 1983. (*See id.* at 218, 235-36). Plaintiffs' common law claims are governed by Ohio law.

In their motion to dismiss, the Bame Defendants address only the claim of common law trespass. (Doc. No. 52). Plaintiffs repeatedly stated in their opposition that they were pursuing this claim as one under § 1983, alleging the Bame Defendants were acting "under the color of law" and as a "state actor" when they entered and mowed Plaintiffs' property. (*See, e.g.*, Doc. No. 57 at 12-13, 24, 34). But the Bame Defendants did not file a reply addressing these arguments. Because the Bame Defendants did not move to dismiss the § 1983 claims or dispute Plaintiffs' arguments regarding the Bame Defendants' status as a "state actor" for purposes of § 1983 liability, I will treat the motion to dismiss as seeking only to dismiss the claim of common law trespass.

4

"A common-law tort in trespass upon real property occurs when a person, without authority or privilege, physically invades or unlawfully enters the private premises of another whereby damages directly ensue." *Apel v. Katz*, 697 N.E.2d 600, 607 (Ohio 1998).

The Bame Defendants first assert Plaintiffs' trespass claim is subject to dismissal because Plaintiffs fail to allege "what private property was trespassed on" or that "he or she was in possession of the subject properties at the time of the trespass." (Doc. No. 52 at 6-7). This is not the case. Plaintiffs identified the property at issue as "215 Monroe Ave" multiple times. (*See, e.g.*, Doc. No. 46-1 at 217-18). Further, though Plaintiffs do not list all of the owners of this property, they do state, "Thelma Martens was *an* owner of 215 by Auditor site record and by deed." (*Id.* at 221) (emphasis added). Plaintiffs also allege they "have a property interest and vested property rights in the actual physical properties they own in Findlay Ohio, individually and through the LLC, listed as, …215 Monroe." (*Id.* at 237-38). Therefore, I reject this argument for dismissal.

Remaining is the Bame Defendants' argument that they cannot be liable for trespass because they were authorized to enter the property by the "City Defendants." (Doc. No. 52 at 7). Ohio law provides that "whenever an individual undertakes to justify a trespass, under the authority of government, that authority must be traced to some officer of the government, known and recognized by law as such." *Fulton v. Monahan*, 4 Hammond 426, 426 (Ohio 1831). But "[w]here an authority is conferred by law, under which conduct otherwise constituting a trespass may be justified, an abuse of that authority will destroy the privilege and render the act done in excess of authority a trespass ab initio." 88 Ohio Jur. 3d Trespass § 6 (August 2021 update).

Here, the Findlay Service Director was authorized by Zoning Ordinance 521.07(a) to "cause to be cut or destroyed all noxious grass or weeds of six inches (6") or more growing in the corporate limits of the City" after the property owner had been given proper notice and an opportunity to

5

correct.² Plaintiffs allege the Service Director exercised this authority and caused the Bame Defendants to mow Plaintiffs' property. But Plaintiffs also allege the Bame Defendants exceeded the authority to cut only "noxious grass or weeds of six inches (6")  or more" and instead "cut down all vegetation in mass without identifying said vegetation." (Doc. No. 46-1 at 217-18). Because Plaintiffs have alleged sufficient facts to plausibly state the Bame Defendants exceeded any authority granted by Zoning Ordinance 521.07(a), Bame Defendants' authorization defense is not grounds for dismissal.

## V. CONCLUSION

For the foregoing reasons, the Bame Defendants' Rule 12(b)(6) motion to dismiss is denied.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

---

² Municipal corporations are authorized by Ohio Revised Code Section 715.44(A) to "[a]bate any [public] nuisance." *See City of Akron v. Klein*, 168 N.E.2d 564, 565 syl. ¶ 1 (Ohio 1960) ("Section 715.44, Revised Code, must be interpreted as though the word 'public' appeared before the word 'nuisance.'").